UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOZELLA SALEEM,                                    No. 08-14894

        Plaintiff,                              District Judge Gerald E. Rosen

v.                                                 Magistrate Judge R. Steven Whalen

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
                                                  /

**REPORT AND RECOMMENDATION**

      This is a Social Security Disability appeal, in which the Plaintiff, Mozella Saleem, is appearing *pro se*. Defendant Commissioner has filed a Motion to Remand [Docket #20], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be GRANTED.

**I.   BACKGROUND**

On August 8, 2005, Plaintiff filed an application for disability insurance benefits ("DIB") and SSI disability benefits under Title II and Title XVI, respectively, of the Social Security Act. Following initial denial of her claim, an administrative hearing was held before Administrative Law Judge ("ALJ") Michael F. Wilenkin, who found Ms. Saleem not disabled, and hence not entitled to benefits, on April 3, 2008. The Appeals Council denied review on September 22, 2008. Ms. Saleem filed a timely petition for judicial

-1-

review on November 21, 2008.

Ms. Saleem filed a handwritten summary judgment motion on March 24, 2009 [Docket #15]. Written in narrative form, it relies to a significant extent on records, evaluation and treatment by her treating physician, Dr. Tobia.

On June 25, 2009, Defendant Commissioner filed a Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) [Docket #20]. The motion requests that the case be remanded for further administrative proceedings, including a directive that the ALJ re-contact Dr. Tobia to request all of Ms. Saleem's medical records relating to her treatment with him, and, if new evidence is received, to hold a new hearing. On July 6, 2009, and apparently in response to the Defendant's motion, Ms. Saleem filed a letter with the Court [Docket #21], stressing that "Dr. Tobia's opinion should matter in this case."

## II.   LEGAL PRINCIPLES

Sentence four of § 405(g) allows a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Under sentence four, a district court may, after entering judgment for the plaintiff, remand to the administrative level for a rehearing. *Hollon ex rel. Hollon v. Commissioner of Social Sec..* 447 F.3d 477, 483 (6th Cir. 2006); *Faucher v. Secretary of HHS,* 17 F.3d 171, 174 (6th Cir.1994).

## III.   DISCUSSION

Based on a review of Ms. Saleem's summary judgment motion and letter, and the Commissioner's Motion to Remand, both Ms. Saleem and the Commissioner appear to be

in agreement that the case should be remanded for the ALJ to consider information from Dr. Tobia and, if necessary, hold a new hearing and issue a new decision.

Therefore, judgment should be entered in favor of Plaintiff Mozella Saleem, and the Defendant Commissioner's Motion to Remand [Docket #20] should be GRANTED.

## IV.    CONCLUSION

I therefore recommend that the Defendant's Motion to Remand [Docket #20] be GRANTED, that judgment be entered in favor of the Plaintiff, and that the case be remanded for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

I further recommend that on remand, the Appeals Council remand this matter to the Administrative Law Judge, who will re-contact Dr. Tobia to request all of Plaintiff Mozella Saleem's medical records related to her treatment with that doctor; that upon receipt of new evidence, including all relevant records of Dr. Tobia, the ALJ shall hold a new hearing and issue a new decision that explains the reasons for the weight afforded Dr. Tobia's opinion, expressly addresses the evidence of manipulative and postural limitations, and contains an express credibility determination addressing the relevant credibility factors; and that if necessary, the ALJ shall also obtain new vocational expert testimony as to the availability of work the claimant can perform.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  November 4, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 4, 2009.

                                                               s/Susan Jefferson
                                                               Case Manager